ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JUNTA DE LIBERTAD BAJO PALABRA<br><br>RECURRIDO<br><br><br>V.<br><br><br><br>JONATHAN SIERRA DE JESÚS<br><br>PETICIONARIO | KLRA202400115 | *REVISIÓN JUDICIAL* procedente del Gobierno de Puerto Rico, Junta de Libertad Bajo Palabra<br>_____<br>JLBP Núm.: 147325<br>Confinado Núm.: B308-15439<br><br>_____<br>SOBRE:<br>Jurisdicción Ley de Armas (Reliquidación-Posposición) |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Comparece ante nos Jonathan Sierra De Jesús, en adelante peticionario o señor Sierra De Jesús, por derecho propio, nos solicita que revisemos la Resolución emitida por la Junta de Libertad bajo Palabra (en adelante "Junta"), el 27 de octubre de 2023. En esa ocasión, la Junta determinó que, a fin de evaluar si le concede el privilegio al peticionario, el caso volverá a ser considerado en agosto de 2024.

Por los fundamentos que exponemos a continuación, se *confirma* la determinación impugnada.

-I-

El 21 de septiembre de 2006, el señor Sierra De Jesús fue sentenciado a treinta y dos (32) años en prisión, por haber utilizado un arma de fuego en la comisión del delito de

Robo, a tenor con la Ley 404 de 11 de septiembre de 2000 (en adelante "Ley 404-2000").[1]

El 15 de marzo de 2021, el Departamento de Corrección y Rehabilitación (en adelante "Departamento") completó la *Hoja de Control Sobre Liquidación de Sentencias.* En esa ocasión señaló la fecha de cumplimiento con el mínimo de la Sentencia, a saber, el 10 de agosto de 2023. El 22 de abril de 2022, la Junta adquirió jurisdicción sobre el caso de autos.

Meses después, el 30 de enero de 2023, el Departamento completó una segunda *Hoja de Control Sobre Liquidación de Sentencias*. En esta ocasión determinó que la fecha mínima para el cumplimiento de la sentencia fue el 22 de abril de 2021.

Así las cosas, el 7 de marzo de 2023, la Junta expidió una *Citación para Vista*, a fin de que el señor Sierra De Jesús compareciera a una entrevista el 8 de mayo de 2023. Cónsono con lo anterior, el 26 de mayo de 2023 la Junta emitió una Resolución y Orden. En síntesis, la Junta le concedió un término de sesenta (60) días al Departamento, a fin de que este emitiera una nueva reliquidación. De no recibir la nueva reliquidación en el término dispuesto, la Junta reconsideraría el caso en agosto de 2023.

Tras no haber recibido la nueva reliquidación, la Junta reevaluó el caso y emitió una Resolución y Orden el 27 de octubre de 2023, en la cual denegó el privilegio de libertad bajo palabra. Además, la Junta determinó que el caso será reconsiderado en agosto de 2024. Como consecuencia de dicha determinación, el 1 de diciembre de 2023, el peticionario presentó una *Solicitud de Remedio Administrativo*. En esa

---

[1] Cabe señalar que dicha legislación fue derogada por la Ley 168 de 11 de diciembre de 2019, conocida como *Ley de Armas de Puerto Rico de 2020* (Ley 168-2020).

ocasión, el señor Sierra De Jesús solicitó que se corrija la fecha de su próxima vista (agosto de 2024).

La referida solicitud fue atendida por el señor Eddie Castro Rosa (en adelante "señor Castro") el 12 de enero de 2024. El señor Castro le indicó al peticionario que es la Junta quien calendariza los casos, por lo que él (señor Castro) carece de facultad para hacer cambios en dicha calendarización. Inconforme con esta determinación, el 20 de enero de 2024, el peticionario presentó una Solicitud de Reconsideración. En respuesta a la solicitud, el 25 de enero de 2024, la División de Remedios Administrativos del Departamento denegó la petición de reconsideración reafirmando el hecho de que la Junta es quien único tiene control de las fechas señaladas para vista.

Inconforme con la determinación, acude ante este Foro Revisor.

-II-

La Ley Núm. 38 de 30 de junio de 2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG)[2], establece el alcance de la revisión judicial sobre las determinaciones finales de las agencias. Tanto la referida ley, como la jurisprudencia interpretativa sobrevenida por esta, establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por la ley.[3] *Los dictámenes de los organismos administrativos merecen la mayor deferencia judicial y su revisión se limita a determinar si*

---

[2] 3 LPRA § 9601 *et seq.*
[3] *T-JAC v. Caguas Centrum Limited*, 148 DPR 70 (1999).

***la agencia actuó arbitraria, ilegalmente, o irrazonablemente en abuso a su discreción.***[4]

Por su parte, la Ley Núm. 118 de 22 de julio de 1974, según enmendada, creó la Junta de Libertad Bajo Palabra como un organismo administrativo cuyo propósito es rehabilitar a las personas convictas de delito y proteger los intereses de la sociedad y de las víctimas de delito.[5] Para lograr dicho objetivo, la Junta adoptó el Reglamento Núm. 9232.

La sección 12.2 del Reglamento dispone el término para que la Junta reconsidere el caso. A tales fines, el inciso A de dicha sección dispone lo siguiente:

> La reconsideración dispuesta en esta sección se refiere a aquellos casos en que se ha denegado la libertad bajo palabra y que la Junta dispuso que volverá a considerar dentro de un (1) año desde la fecha en que consideró el caso por última vez. La Junta podrá volver a considerar un caso fuera del término antes dispuesto, por causa meritoria.[6]

## -III-

El señor Sierra De Jesús se encuentra extinguiendo una sentencia de treinta y dos (32) años por haber cometido el delito de robo y violación al Art. 5.04 de la Ley 404-2000. Luego de evaluado el caso, y dentro de su prerrogativa, la Junta determinó no conceder el privilegio de libertad bajo palabra. Sin embargo, en su Resolución y Orden señaló que evaluaría el caso nuevamente en agosto de 2024. Inconforme con la determinación, el recurrente le solicitó al Departamento que corrigiera la fecha de la vista, de forma tal que el tiempo transcurrido entre la vista de mayo de 2023 y la vista de reconsideración no exceda de un (1) año. Ante tal solicitud, el Departamento le informó al señor Sierra De

---

[4] *Pérez López v. Departamento de Corrección y Rehabilitación*, 2022 TSPR 10, 208 DPR ____ (2022) (Énfasis suplido).
[5] Reglamento de la Junta de Libertad Bajo Palabra, Núm. 9232, 18 de noviembre de 2020, pág. 4.
[6] Reglamento de la Junta de Libertad Bajo Palabra, Núm. 9232, 18 de noviembre de 2020, pág. 60.

Jesús que carece de facultad para recalendarizar la vista, toda vez que es la Junta quien, de manera exclusiva, tiene facultad para hacer el cambio.

El Reglamento dispone que, en los casos en que así lo disponga la Junta, esta deberá atender la vista de reconsideración dentro del término de un (1) año a partir de la vista inicial. Ahora bien, el propio Reglamento faculta a la Junta para extender dicho término por causa meritoria. La determinación de la Junta respecto a la fecha de reevaluación no nos parece arbitraria ni en abuso de su discreción, por lo tanto, no vemos razón alguna por la que no debamos otorgar deferencia a la decisión administrativa.

-IV-

Por los fundamentos antes mencionados **confirmamos** la resolución recurrida. La Secretaria del Departamento de Corrección y Rehabilitación debe entregar copia de esta determinación al peticionario en la institución correccional donde se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones